# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 50105 | **DATE** | 10/29/2010 |
| **CASE TITLE** | Rodas, et al. vs. SwedishAmerican Health System Corp., et al. | | |

**DOCKET ENTRY TEXT:**

Enter order on the United States' motion for entry of an indicative ruling or to dismiss for lack of subject matter jurisdiction [239].

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     This case is currently on appeal before the United States Court of Appeals for the Seventh Circuit. While the appeal was pending, the United States filed a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss contending that the United States' removal of this case from state court was improper such that this court never acquired subject mater jurisdiction. On June 4, 2010, this court concluded that because this case was on appeal, this court lacked jurisdiction to rule on the motion to dismiss and denied the motion without prejudice. Thereafter, the United States moved for "entry of an indicative ruling or to dismiss for lack of subject matter jurisdiction." Federal Rule of Civil Procedure 62.1(a) provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed R. Civ. P. 62.1(a).

     Dr. Seidlin argues that this court has, in effect, already chosen option (1) under Rule 62.1(a) when it denied the government's motion to dismiss without prejudice on June 4, 2010. This point is well-taken. However, given this court's familiarity with the procedural history of this case, the court now finds it prudent to consider the issue further under Rule 62.1 and to issue an indicative ruling. After consideration of the foregoing options, the court concludes that it does have subject matter jurisdiction over the claims alleged against the United States in this case and, pursuant to Rule 62.1(a)(2), denies the United States' motion to dismiss.

### I. PROCEDURAL HISTORY

     Plaintiff, Gloria Rodas, individually and as administrator of the estate of the decedent infant Andrea

| STATEMENT |
|---|

Rodas, originally filed this lawsuit in the Circuit Court for the 17th Judicial Circuit, Winnebago County, Illinois in May of 2003 alleging medical negligence related to the delivery of the decedent on August 2, 2001. See Rodas v. SwedishAmerican Health Sys. Corp., No. 03 L 199. Plaintiff named as defendants SwedishAmerican Health System Corporation, Dr. William Baxter, Crusaders Central Clinic Association (Crusaders Clinic), Dr. John Seidlin, and Dr. Ana-Maria Soleanicov. Thereafter, pursuant to 42 U.S.C. § 233(a) and (c) and a provision of the Westfall Act, 28 U.S.C. § 2679(d)(2), the United States Attorney General certified that Crusader Clinic was a private entity receiving grant money from the Public Health Service, Dr. Baxter was employed by Crusader Clinic, both were acting within the scope of their employment at the time of the incident complained of, and were employees of the United States for purposes of the Federal Tort Claims Act (FTCA). The United States filed a notice of substitution of the United States as defendant for Dr. Baxter and Crusader Clinic and a notice of removal to this court. See Rodas v. SwedishAmerican Health Sys. Corp., No. 03 C 50483, docs. 1 & 2. Along with its notice of removal, the United States also filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction due to plaintiff's failure to file an administrative claim with the appropriate federal agency prior to filing suit as required by 28 U.S.C. § 2675(a). On November 21, 2003, this court granted the motion to dismiss the claims against the United States and remanded the remaining claims to the Circuit Court of Winnebago County.

In a letter dated November 10, 2004, the United States Department of Health and Human Services denied plaintiff's claim. The letter informed plaintiff that she could file suit in the appropriate federal district court within six months of the mailing of the letter. On April 11, 2005, plaintiff filed a first amended complaint at law in the Winnebago County case naming the same defendants, except that the United States was named instead of Crusader Clinic and Dr. Baxter. On May 20, 2005, the United States filed a notice of removal pursuant to 28 U.S.C. § 1442(a). The litigation proceeded before this court for several years until summary judgment was entered in favor of Drs. Seidlin and Soleanicov on January 29, 2009. On September 14, 2009, this court denied plaintiff's motion to reconsider the summary judgment order and entered a final judgment in favor of Drs. Seidlin and Soleanicov pursuant to Fed. R. Civ. P. 54(b). Thereafter, plaintiff and the United States filed notices of appeal, and the appeals were consolidated for briefing and disposition before the Seventh Circuit.

While the appeals were pending, the United States filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The United States took the position that this court's jurisdiction upon removal under § 1442(a) is derivative of that of the state court's jurisdiction and because the state court had no jurisdiction over the claims alleged against the United States, this court likewise has no jurisdiction. This court did not address the merits of the motion but, rather, concluded that due to the pending appeal it lacked jurisdiction to rule on the motion and denied it without prejudice to refiling upon disposition of the appeal. Thereafter, the United States filed the instant motion for entry of an indicative ruling or to dismiss for lack of subject matter jurisdiction.

## II. ANALYSIS

"[J]urisdiction of the federal court upon removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." Minnesota v. United States, 305 U.S. 382, 389 (1939); see also Edwards v. U. S. Dep't of Justice, 43 F.3d 312, 316 (7th Cir. 1994). In this case, the United States argues that because the claims plaintiff made against the United States in the first amended complaint fall under the exclusive jurisdiction of the federal district courts, see 28 U.S.C. § 1346(b)(1), the Circuit Court of Winnebago County lacked jurisdiction over those claims and this court was in no better jurisdictional position once the case was removed under § 1442(a).[1]

The government's argument is based on the erroneous premise that the second removal was proper under § 1442(a). For the reasons that follow, the court concludes that it was not, but that the action remained removable under §§ 2679(d)(2) and 233(c), removal provisions to which the derivative jurisdiction doctrine cannot apply.

# STATEMENT

Under § 1442(a), "a civil action . . . <u>commenced</u> in a State court against [the United States or its agent] may be removed by them to the district court." 28 U.S.C. § 1442(a) (emphasis added). When this case was originally "commenced" in the Circuit Court of Winnebago County in 2003, there was no claim made against the United States under the FTCA. Instead, plaintiff brought claims against various corporations and individuals including Dr. Baxter and Crusader Clinic for wrongful death, survival, and expenses under Illinois tort law. Accordingly, because this action was not commenced against the United States in state court it was not properly removed to federal court under § 1442(a) simply because the United States was named in the first amended complaint in recognition of the Attorney General's previous certification that Dr. Baxter and Crusader Clinic were employees of the United States for purposes of the FTCA.

The Circuit Court of Winnebago County originally had jurisdiction to adjudicate plaintiff's claims against Dr. Baxter and Crusader Clinic. That circumstance changed when the claims were "deemed" to be claims against the United States and removed to this court by operation of §§ 2679(d)(2) and 233(c) as a result of the certification. Upon removal, this court granted the United States' motion to dismiss for failure to file an administrative claim and remanded the remaining claims to Winnebago County. Thereafter, plaintiff's claim was denied by the Department of Health and Human Services. In recognition of the previous certification, plaintiff named the United States when she refiled her claims -now deemed to be against the United States- in the Winnebago County action where the rest of her claims were pending. At that point, the United States removed the action for the second time. However, as noted above, the removal was not proper under § 1442(a) because the action was not commenced against the United States in state court.

The United States' citation to § 1442(a) in its second notice of removal does not alter the fact that plaintiff's claims became removable only because they were previously "deemed" to be against the United States as a result of the Attorney General's certification. In contrast to a removal under § 1442(a), removal under §§ 2679(d)(2) and 233(c) does not require that the action be commenced against the United States but, rather, just actions commenced in state court:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § § 2679(d)(2).

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

42 U.S.C. § 233(c). Therefore, the second removal of this action to federal court was not proper under § 1442(a), but the action remained removable at any time under §§ 2679(d)(2) and 233(c).

While the doctrine of derivative jurisdiction is clearly applicable to § 1442(a) removals, see <u>McCarter v. John Hancock Center</u>, No. 02 C 6121, 2002 WL 31875470, at *2 (N.D. Ill. Dec. 26, 2002), and clearly inapplicable to § 1441 removals, <u>see</u> 28 U.S.C. § 1441(f), this court has not been directed to Seventh Circuit authority indicating that the doctrine is applicable to §§ 2679(d)(2) and 233(c) removals. Logic dictates that it

<table>
<tr><th colspan="2">STATEMENT</th></tr>
</table>

is not. In cases like this, the Attorney General's certification converts the state law tort claims into federal claims against the United States under the FTCA and thereby deprives the state court of jurisdiction. If upon removal the doctrine of derivative jurisdiction were applied because the state court lacked of jurisdiction over the FTCA claims, the federal district court would also lack jurisdiction, and the purpose of §§ 2679(d)(2) and 233(c) would be thwarted because the action could never be removed to federal court. Therefore, because removal under §§ 2679(d)(2) and 233(c) necessarily includes an exception to the derivative jurisdiction doctrine, the United States' argument is without merit.[2]

### III. CONCLUSION

For the foregoing reasons, the court concludes that it properly exercised subject matter jurisdiction over claims alleged against the United States in this action and after consideration denies the United States' motion to dismiss pursuant to Rule 62.1(a)(2).

---

1. To the extent that the United States is making a separate jurisdictional argument based on the second removal occurring beyond the six-month limitations period of the FTCA, 28 U.S.C. § 2401(b), that argument is foreclosed by the Seventh Circuit's decision in McGowan v. Williams, 623 F.2d 1239, 1244 (7th Cir. 1980), which held that a tort action brought within the limitations period of § 2401(b) in state court is timely for purposes of the FTCA.

2. Even if the derivative jurisdiction doctrine is somehow applicable to removals under §§ 2679(d)(2) and 233(c), this court's judgment can be preserved under Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699 (1972), which holds that district court judgments entered after an improper removal may be upheld in cases where the district court would have had original jurisdiction of the case as it stood at the time of trial or judgment. Id. at 702-04. This court would have had jurisdiction over the FTCA claims at the time it entered summary judgment for Drs. Seidlin and Soleanicov and at that point the United States had not raised the derivative jurisdiction doctrine argument.